**David G. WHITE, Jr., M.D.**

v.

**WALKER–TURNER DIVISION, et al.**

**Civ. No. JFM–92–402.**

United States District Court,
D. Maryland.

Dec. 8, 1993.

Richard S. Phillips, Walsh and Phillips, Easton, MD, Lawrence G. Bohlen, Cambridge, MD, for plaintiff.

Sidney G. Leech, Goodell, Devries, Leech & Gray, Larry J. Albert, Niles, Barton & Wilmer, Baltimore, MD, for defendant.

MEMORANDUM

MOTZ, District Judge.

Plaintiff, was injured while using a piece of woodworking equipment known as a "jointer" located on a farm that he was leasing. He has instituted this action against the manufacturer of the jointer and the persons from whom he was leasing the farm. Discovery has been completed, and the lessors of the farm (hereinafter "defendants") have moved for summary judgment. The motion will be granted for two separate reasons.

 First, plaintiff has presented no evidence to establish that the allegedly dangerous condition of the jointer was more obvious to defendants than to him. He is required to make such a showing in order to prevail under his theory that defendants had a duty to warn him that the jointer was a dangerous instrumentality. *See, e.g., Maryland Sales & Serv. Corp. v. Howell,* 19 Md.App. 352, 358–59, 311 A.2d 432 (1973), *cert. denied,* 271 Md. 739 (1974); *Restatement (Second) of Torts,* § 358. The only facts upon which plaintiff relies are that the stepfather of one of the defendants cut his fingertips using the same jointer approximately twenty years ago and that this defendant failed to advise plaintiff of that fact when entering into the lease. However, plaintiff has produced no evidence to show that the accident in which defendant's stepfather was involved was similar to the one in which he was involved and that, specifically, the stepfather was using the jointer properly (as plaintiff alleges he was

doing). To the extent that the jointer was inherently dangerous in its design, its condition was at least equally obvious to plaintiff as it was to defendants.

 Second, the lease between the parties contained exculpatory clauses providing as follows:

1. Landlord shall not be liable for any loss, injury, death or damage to persons or property which at any time may be suffered or sustained by Tenant or by any person whosoever may at any time be using or occupying or visiting the demised premises or be in, on or about the same, whether such loss, injury, death or damage shall be caused by or in any way result from or arise out of an act, omission, or negligence of Tenant or of any occupant, subtenant, visitor, or user of any portion of the premises or shall result from or be caused by any other matter or thing whether of the same kind as or a different kind that the matters or things above set forth, and Tenant shall indemnify Landlord against all claims, liability, loss, or damage whatsoever on account of any such loss, injury, death, or damage.

2. Landlord shall not be liable for any loss of property by fire, theft, burglary or otherwise from said premises, nor for accidental injury to person or property in or about the premises resulting from electrical wiring, water, rain or snow, water pipes, plumbing, sprinklers, or any other cause whatever and Tenant shall make no claim against Landlord for any such loss, damage or injury.

Defendants previously moved for summary judgment on the basis of these paragraphs. I declined to enter summary judgment on defendants' behalf in order to give plaintiff an opportunity to conduct discovery for the purpose of establishing that the paragraphs, when considered in context, did not mean what they appear to say.[1] Plaintiff has developed no such facts.

---

1. In my earlier rulings, I held that if the paragraphs do apply, they are enforceable. Although Maryland Real Property Code § 8–105 (1988) generally invalidates exculpatory clauses designed to exonerate a landlord for injuries which arise as a result of his or her own negligence, that section does not apply where a tenant is in exclusive possession of the premises. Here, the record establishes that plaintiff was in exclusive possession of the farm in question. Further, although (section 8–105 aside), Maryland law operates to void exculpatory clauses where (1)

I continue to have some doubt as to whether the first paragraph is intended to apply to cases involving the landlord's own negligence: it seems to contemplate injuries suffered by the negligence of a tenant or third party. However, its literal terms unequivocally cover "any loss, injury, death or damage to persons or property which at any time may be suffered or sustained by Tenant." Moreover, assuming that the first paragraph does not apply, the second does. It covers "accidental injury to person or property in or about the premises resulting from ... any cause whatever." Further, it concludes by stating "Tenant shall make no claim against Landlord for any such loss, damage or injury."

A separate order granting defendants' motion is being entered herewith.

### ORDER

For the reasons stated in the memorandum entered herein, it is this 8th day of December 1993

ORDERED

1. The motion for summary judgment filed by defendants Traub, Cambridge Limited Partnership and Carl F. Traub is granted; and

2. Judgment is entered in favor of defendants Traub, Cambridge Limited Partnership and Carl F. Traub against plaintiff.

the relationship between the parties was not full and open, (2) there is a specific public interest which requires avoidance of the provision or (3) any extreme form of negligence is involved, *see*

*Winterstein v. Wilcom*, 16 Md.App. 130, 293 A.2d 821, *cert. denied*, 266 Md. 744 (1972), none of those circumstances apply here.